IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUDOLPH SERRANO,

        Plaintiff,

v.                                              No. 17cv848 WJ/KK

MAYOR GREGORY HULL,
OFFICER BRANDON MCKINNEY, and
SERGEANT BUHL,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 18, 2017 ("Application") and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 18, 2017 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 14 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice. Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not impose filing restrictions.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff is unemployed; (ii) Plaintiff's average monthly income is $810.00 in disability and public-assistance; and (iii) Plaintiff's monthly expenses total $812.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he is unemployed and his monthly expenses exceed his low monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir.

2

1991).

    Plaintiff quotes several statutes and alleges the following facts:

> I went to 300 Quantum Rd. to advice the Police of neigbhors, asking me to leave their street and that my vehicle was broken, [Officer McKinney] followed me, and arrested me, falsely accusing me, without reding my miranda rights, lying under oath. . . . Sargent Buhl, knowingly I was falsely arrested, created a false, incomplete, report, with the only intention to harm the reputation of Petitioner, and in 04/29/16 retaliated.
> . . . .
> On 06/27/2015 I was arrested and charge by Officer McKinney and on 06/28/2015 Sargent Buhl make a revision and excluded any facts, creating 2 years of false incarcerations and mental evaluations the destroy my public record. This matter was in front of two magistrate judges, and 3 District Judges and finally dismiss, and now is a 5 jepardy case, creating, inestopable mental evaluations and lack of C.O.P.D. treatment. that only Florida haves. Violating my 1st, 8th and 14th Constitutional Rights without even reading my miranda rights.
> . . . .
> I was force to come here on false stalking accusations of harrasment. . . . From my home state Florida and falsely got charge in this new case, in both instead of my right to a speedy trial, the courts continue portrain my character as "less than" or dangerous to the community. destroying my intent to run for office, resusing to answer interrogatories on case 1:15-cv-1063-KG-KK and 1:15-cv-01064. Obstructing justice. dishonesty obtructing and continuously impeding petitioner strategy to give full cooperation. . . 104 N.M. 630, 225P, substracting thru mental evaluatins, information only of value to the national security of our country. that Petitioner's tie by family obligation exposing him to enemies. Redistrictng Plan in order to achieve a racial outcome. False Arrest.
> . . . .
> The acts of both officers of arresting me base just in my accent origin, (Mexico) without reading my rights, Not found in the history of prior arrest. the fact that even two years after this case was dissmiss by several federal and state judges when a polygraph lie detector test was requested. show the false pretence and racial indiference in this case.
> . . . .
> The act of both officers by filing and refiling a year later, hiding from the courts every single detail of inocence, in their report have cause, irreparable brain damage to wich Petitioner now have to get in to a drug regime, due to the anxiety and distress that unfair incarceration and exesive, unfinishable continue harrasmen by them and the state.

[sic] Complaint at 1-4.

The Court will dismiss the Complaint without prejudice for failure to state a claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's allegations are conclusory and do not state with particularity what the Defendants did to him, how their actions harmed him and what specific right he believes Defendants violated. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

Plaintiff shall have 14 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim

over which the Court has jurisdiction, and which includes the address of every defendant named in the amended complaint.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Plaintiff has initiated eight civil cases in the District of New Mexico, each of which were dismissed because Plaintiff failed to timely file amended complaint, failed to state a claim or failed to comply with Court orders. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases. *See Serrano v. Chavez*, No. 06cv840 BB/RLP (dismissed for failure to prosecute); *Serrano v. Warren*, No. 07cv1204 JCH/ACT (dismissed for failure to respond to order to show cause why case should not be

dismissed for failure to prosecute); *Serrano v. Chavez*, No. 09cv1143 GBW/LFG (dismissed for failure to state a claim); *Serrano v. Martinez*, No. 13cv1123 JAP/WPL (dismissed for failure to timely file an amended complaint); *Serrano v. Martinez*, No. 15cv1063 KG/KK (dismissed for failure to comply with Court's orders and Fed. R. Civ. P. 4); *Serrano v. Hull*, No. 15cv1064 WJ/WPL (dismissed for failure to timely file an amended complaint); *Serrano v. Martinez*, No. 16cv332 MV/KK (dismissed for failure to timely file an amended complaint); *Serrano v. Hull*, No. 17cv847 MCA/KK (dismissed for failure to timely file an amended complaint).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the

District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed August 18, 2017, is **GRANTED.**

(ii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 18, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 14 days of entry of this Order; and

(iii) within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**UNITED STATES DISTRICT JUDGE**